IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DARRIUS BRYANT BELL, #149 992    *

    Petitioner,    *

    v.    *    2:09-CV-1083-ID
        (WO)
KENNETH JONES, WARDEN, *et al.*,    *

    Respondents.    *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

The instant cause of action is pending before this court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Darrius Bell, a state inmate, on November 25, 2009.[1] In this petition, Petitioner seeks to challenge matters associated with the revocation of his parole in 2009 by the Circuit Court for Jefferson County, Alabama, for violating the Alabama Community Notification Act. Petitioner was convicted of first degree robbery and first degree rape by the Circuit Court for Morgan County, Alabama, in 1988.

---

[1] Although the Clerk of this court stamped the present petition "filed" on November 30, 2009, Petitioner signed his petition on November 25, 2009. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day" Petitioner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers November 25, 2009 as the date of filing.

## DISCUSSION

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner challenges the revocation of his parole by by the Circuit Court for Jefferson County, Alabama. Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that a transfer of this case to such other court for hearing and determination is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before **December 21, 2009** the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

Petitioner filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*. Under the circumstances of this case, however, matters related to Petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama. Thus, this court will not address Petitioner's failure to submit documents necessary to a determination of his *in forma pauperis* status.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of December 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE